**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

LARRY HAMILTON, JR.,                    :

    Plaintiff                              :

v.                                     :          Civil Action No. RWT-09-516
                                                  (Consolidated with RWT-09-722)
DEPT. OF CORRECTIONS, *et al.*,          :

    Defendants.                            :
                                       o0o

## MEMORANDUM OPINION

Pending are Defendants' Motions to Dismiss or for Summary Judgment.  Paper Nos. 31,
38 and 43.  Plaintiff has opposed the motions.  Paper Nos. 35, 42 and 45.  Upon review of the
papers filed, the court finds a hearing in this matter unnecessary.  See Local Rule 105.6 (D. Md.
2009).

### Background

Plaintiff claims that on February 16, 2007, while an inmate at the Washington County
Detention Center  ("WCDC"), he was watching a basketball game when another inmate slid into
him, injuring his knee.  Paper No. 1.  He states he was provided an ace bandage, Tylenol and an
x-ray, but when he asked to be taken to the hospital "they said no."  Id.  In later-filed documents
Plaintiff clarifies that Dr. Cicarelli, a physician working for PrimeCare Medical, Inc., under
contract with WCDC, and Major Evans, the warden of WCDC, were the Defendants that denied
his request to go to a hospital.[1]  Paper No. 6.  Plaintiff states he was transferred to the custody of
the Division of Correction ("DOC") and after falling on the stairs, an MRI was performed,

---

[1] Plaintiff further claims that Defendant PrimeCare is also responsible for denying his access to a MRI.

revealing he had a torn MCL and ACL. [2]

Plaintiff further states that he fell down the stairs on September 14, 2007, and again on September 16, 2007, when he was walking from the second floor hospital at the Metropolitan Transition Center ("MTC"). Paper No. 12. He states medical staff tried to cover up what happened and 'pushed him out of the door' of the prison before he could get knee surgery. Id. He states that Defendants Hill, Parrish, and Nurse Williams of MTC are responsible for denying him knee surgery. Paper No. 15. Plaintiff claims he has suffered pain from the denial of the care specified and that he has become "chemically dependent" because of the failure to provide medical care. Paper No. 8 and 19.

## Standard of Review

### Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the Plaintiff's complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). The Supreme Court recently articulated the proper framework for analysis:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level

---

[2] The MCL is the medial collateral ligament and the ACL is the anterior cruciate ligament.

Bell Atlantic Corp. v. Twombly, __ U.S.__, 127 S.Ct. 1955, 1964-65 (2007) (footnotes omitted.).  This standard does not require defendant to establish "beyond doubt" that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Id. at 1968-69.  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  Id. at 1969.  The court need not, however, accept unsupported legal allegations, see Revene v. Charles County Comm'rs, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, see Papasan v. Allain, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, see United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979).

Motion for Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The

3

court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc., 840 F.2d 236, 240 (4th Cir. 1988).

## Analysis

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. Gregg v. Georgia, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." De'Lonta v. Angelone, 330 F. 3d 630, 633 (4th Cir. 2003), citing Wilson v. Seiter, 501 U.S.294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. See Hudson

4

v. McMillian, 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. Farmer, 511 U.S. at 839-40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." Rich v. Bruce, 129 F. 3d 336, 340 n.2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" Brice v. Va. Beach Corr. Center, 58 F. 3d 101, 105 (4th Cir. 1995) (quoting Farmer 511 U.S. at 844). If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." Farmer, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. Brown v. Harris, 240 F. 3d 383, 390 (4th Cir. 2000); citing Liebe v. Norton, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

Major Van Evans, the warden of WCDC, moves for summary judgment, asserting sovereign immunity in his official capacity and public official immunity as to any state law claims. Paper No. 31. Evans asserts that Plaintiff has not complied with the Maryland Tort Claims Act ("MTCA"), therefore, Evans enjoys Eleventh Amendment immunity for claims asserted against him in his official capacity. Id.

In opposition, Plaintiff recites case law regarding constitutional claims of deliberate indifference to a serious medical need and submits medical records dated May 23, 2007 and

October 26, 2007, which indicate his knee was injured.  Paper No. 35 at 8, 9.   The diagnostic report submitted by Plaintiff indicates that he had several ligament tears in his knee in October 2007.  Id. at 9.  Plaintiff also submits a memorandum addressed to him from Defendant Evans, dated February 27, 2009, indicating that Evans was relying on the judgment of Dr. Ciccarelli for purposes of medical care decisions.  Id. at 10.  The dates of the three documents cover a span of almost two years, yet there is no information regarding how the knee was treated during that span of time or by whom.  There is also no indication in the memorandum from Evans that Plaintiff advised him of any painful symptoms which were being ignored, requiring Evans's intervention.

Section 1983 liability on the part of the supervisory defendants requires a showing that: (1) the supervisory defendants failed promptly to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations."  See Miltier v. Beorn, 896 F. 2d 848, 854 (4th Cir. 1990). Plaintiff admits that when his knee was injured he was provided with some care by medical staff; Warden Evans was entitled to rely on the medical judgment of those staff members.  There is no evidence that Evans interfered with the provision of medical care, therefore, Evans should be dismissed from this case.

Defendants Hill and Parish of the Maryland Transition Center move for summary judgment with respect to Plaintiff's claim regarding his falls on the stairs in September  2007. Paper No. 38.  They state that Plaintiff failed to exhaust administrative remedies with respect to the claim.  Specifically, they state that Plaintiff filed an administrative remedy procedure request ("ARP"), received on January 15, 2008, which concerned lack of medical care in September and

October, 2007. Id., Ex. 1. The ARP was dismissed as untimely and Plaintiff did not file another complaint regarding his care prior to his transfer to another prison. Id.

Plaintiff does not dispute the assertion that he has failed to exhaust administrative remedies concerning delays in medical care. The PLRA provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

As a prisoner, Plaintiff is subject to the strict requirements of the exhaustion provisions. See Porter v. Nussle, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. See Booth v. Churner, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this Court. See Jones v. Bock, 549 U.S. 199, 220 (2007). Thus, the claims against the state Defendants must be dismissed.

Defendants Ciccarelli and PrimeCare Medical, Inc., move to dismiss the complaint for failure to state a claim. Paper No. 43. The Healthcare Defendants assert that Plaintiff is alleging medical malpractice, but he has not complied with Maryland's statutes governing medical malpractice claims which require first filing a claim with the Health Claims Arbitration panel. Md. Cts. & Jud. Proc., Code Ann. §§3-2A-01, et seq. In addition, Defendants assert that Plaintiff fails to state an Eighth Amendment claim of deliberate indifference to a serious medical need. Paper No. 43. Specifically, Defendants state that Plaintiff's allegation of a missed diagnosis is a

negligence claim and that he presents no evidence of deliberate indifference.  Paper No. 17.

Plaintiff alleges that he was provided with care, but that the care provided was inadequate for purposes of diagnosing the actual injury.  Id.  Plaintiff states that he was entitled to be afforded medical care that is reasonably available under the circumstances of confinement, and suggests that the care received was not reasonable.  Paper No. 47.  The negligence claim asserted here is not sufficient to state an Eighth Amendment claim.  The allegations do not evidence a callous disregard for the injury to Plaintiff's knee, rather, the care provided was targeted to alleviate Plaintiff's pain.  There is no evidence – only bald assertions – that the failure to provide Plaintiff with an MRI of his knee exacerbated the injury.  Thus, the medical Defendants are entitled to judgment in their favor.

Plaintiff has filed numerous inquiries regarding appointment of counsel and requests for extension of time.  Ordinarily *pro se* litigants are giving greater leeway.  However, in the instant case it is clear that Plaintiff's claims are unsubstantiated.  The care he admits receiving was constitutionally adequate care.  His failure to comply with exhaustion requirements for medical malpractice claims deprives this Court of jurisdiction over any negligence claim that might be gleaned from the pleadings.  A separate Order, granting judgment in favor of Defendants and denying all other non-dispositive motions filed by Plaintiff, follows.


Date: May 25, 2010                    _____/s/_____
                                      ROGER W. TITUS
                                      UNITED STATES DISTRICT JUDGE